**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-06-818 (1) |
| | § | C.A. No. C-07-464 |
| CRISTIAN ARRELLANO-LOPEZ, | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING MOTIONS WITHOUT PREJUDICE**

Defendant Cristian Arrellano-Lopez ("Arrellano-Lopez") was sentenced on April 24, 2007. (D.E. 25.) Judgment of conviction and sentence was entered on May 1, 2007. (D.E. 26.) Arrellano-Lopez did not timely appeal. Instead, on December 3, 2007, the Court received a number of pro se motions from Arrellano-Lopez. (D.E. 28-31.) One of these, a motion titled "Violation Credit" has been stricken by the Court. (See D.E. 32 (order striking D.E. 28).) The remainder are now pending before the Court and addressed herein.

**I. Motion Titled "Notice of Appeal Under 28, U.S.C. § 2255"**

The primary motion from Arrellano-Lopez is titled as a "Notice of Appeal Under 28, U.S.C. § 2255." (D.E. 31.) In it, he states that he is requesting "a direct appeal under 28 U.S.C. § 2255." (D.E. 31 at 1.) Based on this, the Court is unclear as to whether Arrellano-Lopez is seeking a direct appeal from his criminal conviction ***or*** wishes to file a motion under 28 U.S.C. § 2255. Moreover, that particular motion does not contain any grounds for relief. In a separate document, he requests the appointment of counsel (a "public defender") and also requests "a transcript, docket sheet, docketing statement form, and a designation of record on appeal." (D.E. 29 at 1.) In the latter

document, he identifies what appear to be his grounds for relief, either to be raised on appeal or in a § 2255 motion:

> Counsel was ineffective when he, failed to raise issues to propose a downward departure, due to miscalculation of federal sentencing guidelines, Defendant was sentenced to offence level higher than what the guideline tablets call for, the subsequently punished more severly than what was deemed just and proper. [sic]

(D.E. 29 at 1.)

While Arrellano-Lopez's challenge to his sentence as being outside the applicable guideline range might be an issue for direct appeal, the time period for appealing has passed, as has the time within which the Court could grant an extension upon a finding of excusable neglect or good cause. See Fed. R. App. P. 4(b)(1) (setting 10-day period for filing notice of appeal in a criminal case, which in this case expired on December 12, 2006); Fed. R. App. P. 4(b)(4) (allowing district court to extend the time to appeal for a period not to exceed 30 days from the original appellate deadline). Thus, even if the document were construed as seeking an extension of time to appeal, the Court could not extend Arrellano-Lopez's deadline for appealing at this juncture.

Arrellano-Lopez's ineffective assistance claim, on the other hand, is the type of claim that is typically asserted in a motion pursuant to 28 U.S.C. § 2255. Although his motion references 28 U.S.C. § 2255, it also repeatedly references a desire for a "direct appeal." Because he has not clearly evidenced an intent to file a § 2255 motion, and in light of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), the Court declines to construe Arrellano-Lopez's motion as a § 2255 motion.[1] Cf. Castro, 540 U.S. at 382-83 (if a district court recharacterizes a post-conviction

[1] Additionally, the Court notes that Arrellano-Lopez waived his right to appeal both his conviction and his sentence, except under limited circumstances, and also waived his right to file any § 2255 motions. (D.E. 14 at ¶ 7.) Although this fact will likely limit Arrellano-Lopez's ability to assert some claims in his § 2255 motion, it would be premature to make any findings on that issue at this time. Accordingly, the Court reaches no conclusions herein as to the viability of any § 2255 motion that may be filed by Arrellano-Lopez.

motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). The Clerk is directed, however, to send the appropriate forms to Arrellano-Lopez for filing such a motion.

Moreover, pursuant to the directives of Castro, Arrellano-Lopez is advised that if he files a § 2255 motion asserting a claim of ineffective assistance of counsel, he may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion. See 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met).[2] That is, before he will be permitted to file a second or successive § 2255 motion before the district court, Arrellano-Lopez will be required to seek, and acquire, the approval of the Fifth Circuit and will have to establish certain grounds in order to obtain that approval. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); United States v. Orozco-Ramirez, 211 F.3d 862 (5th Cir. 2000) (discussing what constitutes a second or successive claim where a defendant's first

[2] The pertinent portion of § 2255 states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

§ 2255 results in an out-of-time appeal). Thus, any and all claims that Arrellano-Lopez wishes the Court to consider should be asserted in any § 2255 motion he files.

His current motion (D.E. 31) is thus DENIED WITHOUT PREJUDICE to Arrellanno-Lopez's ability to file a proper § 2255 motion.

## II. MOTION FOR APPOINTMENT OF COUNSEL AND FOR DOCUMENTS

As noted, Arrellano-Lopez also requests transcripts and various other documents (presumably at government expense) and the appointment of counsel. (D.E. 29, 30.) As to his request for documents and transcripts, assuming that he could establish that he is indigent,[3] an indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must establish, however, that the documents are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

Given the Court's denial of his motion without prejudice in section I supra, Arrellano-Lopez has no pending suit before the Court. Although he may be seeking the transcripts in order to file a § 2255 motion, that is not clear from his request and, in any event, no such proper motion has yet been filed. Accordingly, he fails to meet the statutory requirements for free transcripts or documents. 28 U.S.C. § 753(f); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

---

[3] Defendant has not yet submitted an affidavit of indigency, nor any financial information concerning his prison account or his financial condition. Because the Court resolves his motion on other grounds, it does not need to make a determination at this time as to whether Defendant is, in fact, indigent.

Thus, to the extent Arrellano-Lopez is seeking documents and transcripts at government expense (D.E. 30), his motion is DENIED WITHOUT PREJUDICE. In the event that he files a proper § 2255 motion, he may then request again copies of specific documents or transcripts. The Court further notes that Arrellano-Lopez is not precluded from filing a § 2255 motion merely because he does not have transcripts from his case. Indeed, § 2255 motions are frequently filed without the benefit of transcripts.

If Arrellano-Lopez is interested in receiving specific transcripts or documents at his own expense prior to filing his § 2255 motion, he may contact the Clerk to request them. To that end, the Clerk is directed to provide Arrellano-Lopez with a copy of the docket sheet in his case, as well as instructions as to how to order transcripts or to purchase copies of records.

Similarly, although Arrellano-Lopez requests the appointment of counsel, there is no constitutional right to counsel in § 2255 proceedings. See United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993); see also Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.") (citation omitted). There are certain situations in the course of § 2255 proceedings in which the Court is required to appoint counsel. See, e.g., RULES GOVERNING § 2255 PROCEEDINGS 8(c) (requiring that counsel be appointed upon determination that an evidentiary hearing is required); id at Rule 6(a) (court must assign counsel to financially eligible defendants "[i]f necessary for effective discovery"). Because Arrellano-Lopez has not yet filed a proper § 2255 motion, however, none of those situations are present here. Thus, Arrellano-Lopez has not shown an entitlement to counsel.

For the foregoing reasons, Arrellano-Lopez's motion for appointment of counsel (D.E. 29) is DENIED WITHOUT PREJUDICE. If Arrellano-Lopez files a proper § 2255 motion and an evidentiary hearing is ordered, or discovery warranting the appointment of counsel is required, the Court will *sua sponte* appoint counsel to assist Arrellano-Lopez.

**CONCLUSION**

For the foregoing reasons, Arrellano-Lopez's motions (D.E. 29, 30, 31) are DENIED WITHOUT PREJUDICE. The Clerk is directed to provide a copy of a blank § 2255 form to Arrellano-Lopez, as well as a copy of the docket sheet and instructions for ordering transcripts or copies of the record.

ORDERED this 13th day of December, 2007.

Janis Graham Jack
United States District Judge