**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-06-818 |
| | § | |
| CRISTIAN ARRELLANO-LOPEZ, | § | |
|     Defendant-Movant. | § | |

**ORDER DENYING "MOTION FOR SENTENCE ADJUSTMENT"**

On January 29, 2008, the Clerk's office received a motion from Defendant Cristian Arrellano-Lopez ("Arrellano")[1] titled as a "Motion for Sentence Adjustment Under 18 U.S.C. § 3582," now pending before the Court and addressed herein. (D.E. 35.) In his motion, Arrellano argues that, because of his status as a deportable alien, he is ineligible for a reduction in his sentence for participation in a residential drug abuse program and that he cannot be placed in a half way house. (D.E. 35 at 1.) He claims that his ineligibility for these benefits causes his sentence to be served "under circumstances more severe than those facing citizens under similar circumstance [sic]." (<u>Id.</u>) Arrellano thus asks that the Court reduce his sentence.

**I. BACKGROUND**

Arrellano pleaded guilty to the indictment against him, which charged him with a single count of illegal reentry, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 8, 14-15.) He was sentenced by this Court on April 24, 2007 to 23 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release. (D.E. 25, 26.) The Court also imposed a

---

[1] In his motion and on the Bureau of Prisons documents attached thereto, the Defendant's name is spelled "Christian Arellano-Lopez." The style of the case, the indictment, and the criminal judgment all spell the name as "Cristian Arrellano-Lopez," so the Court utilizes the latter.

$100 special assessment. (D.E. 25, 26.) Judgment was entered against Arrellano on May 1, 2007. (D.E. 26.) He did not appeal.

## II.  ANALYSIS

**A.     Characterization of Motion**

At the outset, the Court is tasked with determining how to construe Arrellano's motion, adhering to the principle that *pro se* pleadings are to be construed liberally. United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996). Notably, Arrellano is not challenging his conviction or sentence on the grounds that it was improper, nor does he assert cognizable grounds for relief under 28 U.S.C. § 2255. Instead, he is asking for a reduction in sentence based on the fact that the BOP deems him ineligible for a reduction in sentence for participation in a drug treatment program and ineligible for placement in a halfway house, because of his status as a deportable alien. He also specifically requests relief pursuant to 18 U.S.C. § 3582. (See D.E. 35 at 1.)

Particularly in light of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), the Court declines to construe Arrellano's motion as a § 2255 motion. Cf. Castro, 540 U.S. at 382-83 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). Rather than construing his motion as a § 2255 motion, then, the Court construes it as Arrellano urges – as a motion to reduce sentence pursuant to 18 U.S.C. § 3582.

**B.     Motion for Reduced Sentence**

Having determined that Arrellano's motion is properly construed as a motion for reduction of sentence, it is clear that he has not stated grounds entitling him to relief. This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c).

Arrellano fails to assert grounds for modification that fall into any of the categories above. Thus, this Court is without authority to reduce his sentence.

Moreover, Arrellano's substantive claim is without merit for at least three reasons. First, the determination as to whether an inmate is eligible for participation in the BOP's drug treatment program and any resulting reduction in sentence are wholly within the discretion of the BOP. See 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced ***by the Bureau of Prisons***, but such reduction may not be more than one year from the term the prisoner must otherwise serve") (emphasis added). As the Supreme Court has said, § 3621(e)(2)(B) grants the ***Bureau of Prisons*** the discretion to determine which inmates receive the benefit of early release. Lopez v. Davis, 531 U.S. 230 (2001). Thus, it is the BOP's policy that he is actually challenging,

not his sentence. Similarly, it is the BOP that decides where to place inmates and whether placement in a halfway house is appropriate for any inmate, and the BOP that implements policies governing prison employment.

Second, the BOP's policies on the precise issues of the drug treatment program and community-based placement being unavailable to INS detainees or deportable aliens have withstood similar challenges. See 28 C.F.R. § 550.58; see, e.g., McLean v. Crabtree, 173 F.3d 1176, 118-85, (9th Cir. 1999) (BOP's rule prohibiting prisoners with INS detainers from receiving sentence reduction under substance abuse treatment statute does not violate due process or equal protection); Bazuaye v. Tombone, 275 F.3d 44, 2001 WL 1223857 (5th Cir. Oct. 5, 2001) (rejecting equal protection claims and due process claims of INS detainee who was ineligible for sentence reduction for drug treatment and ineligible for community-based placement).

Third, even if Arrellano had asked at sentencing for a downward departure or reduced sentence due to his status as a deportable alien instead of waiting until now, his request would not have been granted. The sentencing guidelines provide that a downward departure on the ground that the defendant is a deportable alien, while permissible, would be proper only in the extraordinary case, and such cases are considered "highly infrequent." See United States v. Garay, 235 F.3d 230, 232-33 & n.8 (5th Cir. 2000). Moreover, in an immigration offense, a defendant's alienage has been adequately taken into consideration and thus is not a permissible basis for downward departure. Garay, 235 F.3d at 233-34 (defendant's "status as deportable alien, as an inherent element of his crime, has already been considered by the [Sentencing] Commission in formulating the applicable guidelines"); United States v. Foote, 2001 WL 671465, *3-*4 (N.D. Tex. 2001) (rejecting argument by § 2255 movant that his counsel should have moved for downward departure); cf. United States

v. Maldonado, 242 F.3d 1, 4-5 (1st Cir. 2001) ("a deportable alien who commits a crime is still within the 'heartland' of the guidelines"; "the common facts of a long sentence and likely deportation" do not by themselves make a case extraordinary such as to warrant a downward departure).

### III.  CONCLUSION

For the foregoing reasons, Arrellano's "Motion for Sentence Adjustment" (D.E. 35) is construed as a motion to reduce sentence under 18 U.S.C. § 3582, and is DENIED.

It is so ORDERED this 30th day of January, 2008.

_____
Janis Graham Jack
United States District Judge